Thomas A. Aurelio, J.
This is a motion by plaintiff for the reargument of a motion made after the jury rendered its verdict in favor of defendants, on December 18, 1958. The motion is to set aside the verdict and for a new trial upon exceptions, under section 549 of the Civil Practice Act.
The verdict is challenged upon the alleged ground that the court committed reversible error in answering two inquiries addressed to the court by the jury during the course of its deliberations.
This is an action at law to recover damages for the alleged infringement of the common-law copyright of a musical composition entitled ‘ ‘ Enchanted Cello ’ ’.
It appears that in or about 1949 plaintiff composed a melody which became known as “ Enchanted Cello ” and in 1950 defendant Washington was requested by plaintiff to write the lyrics for the melody. Washington wrote the lyrics but plaintiff was unable to sell the song, so, in 1951, Washington released to plaintiff all his rights in the song. Plaintiff claims that defendant Washington thus became thoroughly familiar with plaintiff’s melody. It further appears that in 1953 defendant Wayne Fel *175 lows Productions, Inc., also presently known as Batjac Productions, Inc., produced a moving picture known as “ The High and the Mighty ” and entered into a contract dated January 20,1954 with defendant Tiomkin, an outstanding musical composer, to score the picture; that thereafter Wayne entered into another contract with defendant Washington, a recognized lyricist, to write the lyrics for the music composed by Tiomkin. The song resulting from the music composed by Tiomkin, together with the lyrics written by Washington, was given the same name as the motion picture “ The High and the Mighty ” and pursuant to contracts the .song was copyrighted in 1954 and published by defendant M. Witmark & Sons, with credit being given to defendant Tiomkin for the composition of the music of the song and to defendant Washington for the lyrics. The melody of the song “The High and the Mighty ” was used as the theme song throughout the motion picture.
Defendant Tiomkin contends “ The High and the Mighty ” is original with him and that there is no proof that he ever heard plaintiff’s song or that he had access to or copied the music of the isong “ The High and the Mighty” from plaintiff’s “ Enchanted Cello ”.
On the other hand, plaintiff claims that just before, or at or about the time Tiomkin was engaged by defendant Wayne to score the motion picture ‘1 The High and the Mighty ’ ’, he, Tiomkin, and Washington were working together collaborating in composing other songs, and because of their close association and the fact that Washington knew plaintiff’s melody, and the circumstance of the striking similarity between the two melodies, it is reasonable to conclude that Washington in some way imparted to Tiomkin plaintiff’s melody, thus giving Tiomkin access to it, and that Tiomkin thereafter, consciously or unconsciously, copied It. Both Washington and Tiomkin deny ever discussing plaintiff’s melody. The court submitted to the jury the question of whether the circumstantial evidence in the ease satisfied them that Tiomkin had copied and appropriated plaintiff’s melody.
Although the complaint alleges that Tiomkin had knowledge of the fact “ that plaintiff composed said music and principal theme and was the owner thereof” and copied the same substantially and appropriated it to his own use, plaintiff, throughout the trial, urged that ‘1 unconscious copying is just as actionable as conscious copying.” This takes on significance when considered in the light of the jury’s two inquiries, the first of which was: ‘ ‘ Has your Honor charged us that guilt .exists whether there was either a known or an unconscious borrowing *176 or stealing of the plaintiff’s composition, tune or theme? ” The court’s answer was that they must find “ a conscious substantial copying. ’ ’
The second, a request, was: ‘ ‘ Will the Court please define what he means by ‘ conscious copying ’ and ‘ conscious substantial copying ’.” The court’s answer to this request was: “ By ‘ conscious copying ’ I mean that Tiomkin being aware of plaintiff’s melody proceeded, wilfully and intentionally to imitate and copy it and adopt it as his own. By ‘ substantial copying ’ I mean a considerable, large, important, essential and material part of plaintiff’s melody.”
Having reached the conclusion that insofar as Tiomkin is concerned the doctrine of “unconscious plagiarism”, strongly urged by plaintiff, is not applicable here, the court charged the jury that by ‘ ‘ conscious copying ’ ’ it was meant ‘ ‘ wilfully and intentionally” done.
Aside from the fact that the complaint in effect charges the commission of a tort by knowingly and wrongfully appropriating plaintiff’s melody, I am of the opinion that “ In common-law copyright, to constitute the tortious appropriation of musical property, the proof should establish the priority of the plaintiff’s composition and that the defendant with animus furandi obtained access to and copied it ” (Smith v. Berlin, 207 Mise. 862, 863, Frank, J.).
In Fendler v. Morosco (253 N. Y. 281, 292) Lehman, J., wrote:
‘1 Augustine Birrell, a literary craftsman as well as a distinguished practitioner and teacher, has said: ‘ The literary larcenist must do more than filch ideas, imitate mannerisms, repeat information, borrow phrases, utilize quotations; you must be able to attribute to him the felonious intention of appropriating without independent labour a material part of a protected work. ’ ”
With respect to defendant Wayne, the producer of the motion picture, and defendant Witmark, publisher of the song, both of whom claimed to be innocent infringers, if infringement there were, the court charged that if the jury found ‘ ‘ that defendants Washington and Tiomkin, acting together, copied, a substantial part of the melody from plaintiff’s, the verdict should be in favor of plaintiff against all defendants ” and “ that in an action of this kind, it is no defense that defendants Witmark and Wayne did not know, and were unaware that plaintiff’s melody had been infringed.”
The net effect of the charge was: (1) in order to hold defendant Tiomkin liable it was necessary to prove that the appropriation was with animus furandi, and (2) that if the jury found that *177 Tiomkin and Wayne had wrongfully appropriated plaintiff’s melody, defendants Wayne and Witmark (who purchased the song) were liable to plaintiff regardless of whether or not they had knowledge of the wrongful appropriation (De Acosta v. Brown, 146 F. 2d 408).
Notwithstanding the numerous cases (not New York cases) cited by plaintiff recognizing the doctrine of “ unconscious infringement ’ ’, I am firmly of the opinion that under the law of the State of New York in order to hold the person accused of actually infringing another’s musical composition the proof must show that it was done with animus furandi and that the cases of Fendler v. Morosco (supra) and Smith v. Berlin (supra) constitute the law of this State as applied to common-law copyright infringement and are controlling here. The court’s charge to the jury was in conformity with that holding.
Plaintiff further claims that “ the court’s instructions on the subject of substantial copying were clearly erroneous ”.
Plaintiff’s trial counsel admits in his moving affidavit, that ‘ * the court charged the jury correctly in its main charge as to what substantial copying meant”. The court’s answer to the jury’s inquiry ‘ ‘ Will the Court please define what he means by * * * conscious substantial copying ’ ’ was: 1‘ By ‘ substantial copying ’ I mean a considerable, large, important, essential and material part of plaintiff’s melody ”. The answer as given must be considered in the context in which the court had previously instructed the jury in the main charge, which, plaintiff admits, was correct, to wit, ‘ ‘ whether or not there is substantial similarity, you may apply what is referred to as a recognized test, to wit, is the resemblance noticeable to the average ear or hearer ”. Thus, the jury could have found the resemblance to be noticeable to the average ear or hearer because the copied melody fitted in with any one of the five adjectives the court used to define ‘ ‘ substantial ’ ’. In other words, the jury could have found “ substantial ” similarity due to sizeable quantity copied, or due to quality and value because “ an essential or material or important ” part had been copied.
Accordingly, plaintiff’s motion for reargum-ent is granted but the original determination is adhered to.